**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| INDRA Z., | ) | |
| | ) | |
| Plaintiff, | ) | No. 25-cv-5778 |
| | ) | |
| v. | ) | Magistrate Judge Keri L. Holleb Hotaling |
| | ) | |
| FRANK BISIGNANO, Commissioner of Social Security, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Indra Z.[1] appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") ("SSA") denying her disability benefits. The parties have filed cross motions for summary judgment.[2] As detailed below, Plaintiff's motion for summary judgment [Dkt. 17] is DENIED; the Commissioner's cross-motion for summary judgment [Dkt. 20] is GRANTED. The final decision of the Commissioner is affirmed.

**1. Procedural History**

On April 13, 2023, Plaintiff protectively filed an application for disability and disability insurance benefits, alleging disability beginning August 29, 2016. [Administrative Record ("R.") 15.] The claim was denied initially and upon reconsideration on November 21, 2023. *Id*. On January 6, 2025, Plaintiff appeared and testified at an Administrative Hearing and amended her alleged onset date to December 31, 2018. *Id*. On January 15, 2025, an Administrative Law Judge ("ALJ") found Plaintiff was not disabled. [R. 15-23.] The Appeals Council denied review on

---

[1] In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by her first name and the first initial of her last name(s).

[2] Plaintiff filed a "Brief in Support of Reversing and Remanding Commissioner's Decision" [Dkt. 17], which the Court treats as a motion for summary judgement. Defendant filed a "Response to Plaintiff's Motion for Summary Judgement" [Dkt. 20], which the Court treats as a cross motion for summary judgement.

March 24, 2025 [R. 1], rendering the ALJ's January 15, 2025, decision the final decision of the Commissioner. 20 C.F.R. § 404.981. On May 23, 2025, Plaintiff filed the instant action seeking review of the Commissioner's decision. [Dkt. 1.]

**2. The ALJ's Decision**

In his January 15, 2025, decision, the ALJ analyzed Plaintiff's claim following the SSA's usual five-step evaluation process to determine whether Plaintiff was disabled. [R. 15-23.] At Step One, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. [R. 17.] At Step Two, the ALJ found that Plaintiff had the severe impairments of cardiomyopathy, obesity, psoriatic arthritis, cardiac amyloidosis, heart failure, L4 fracture, herniated disc L4/5/sacrum with L3 tears, multiple myeloma, and Osgood-Schlatter's disease. [R. 17-19.] The ALJ found all other impairments, including the Plaintiff's gastroesophageal reflex ("GERD"), to be non-severe either because the record does not indicate the impairments were associated with more than minimal functional limitations, and/or they have been resolved by prior medical procedures. *Id*.

At Step Three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App'x 1 (20 CFR 404.1520(d), 404.1525 and 404.1526). [R. 19.] In determining Plaintiff's mental impairments, the ALJ also analyzed the so-called Paragraph B criteria for assessing mental impairments. The ALJ found Plaintiff had no limitation in any of the functional domains. [R. 18-19.]

Before Step Four, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform the full range of light work as defined in 20 CFR 404.1567(b). [R. 19, 22.] At Step Four, the ALJ concluded Plaintiff had no past relevant work. [R. 22.] At Step Five, after considering the

Plaintiff's age, education, work experience and RFC, the ALJ found Plaintiff capable of performing jobs existing in significant numbers in the national economy. *Id*. Accordingly, the ALJ found Plaintiff was not disabled at any time from August 29, 2016, through December 31, 2018, the date last insured. [R. 23.]

**3. Social Security Regulations and Standard of Review**

The Social Security Act requires all applicants to prove they are disabled as of their date last insured to be eligible for disability insurance benefits. 20 C.F.R. § 404.131; *Schloesser v. Berryhill*, 870 F.3d 712, 717 (7th Cir. 2017). In disability insurance benefits cases, a court's scope of review is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence and the proper legal criteria. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018); *Hess v. O'Malley*, 92 F.4th 671, 676 (7th Cir. 2024); *see also* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (citations omitted). Even where "reasonable minds could differ" or an alternative position is also supported by substantial evidence, the ALJ's judgment must be affirmed if supported by substantial evidence. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008). This "lax" standard is satisfied when the ALJ "minimally articulate[s] his or her justification for rejecting or accepting specific evidence of a disability." *Berger v. Astrue*, 516 F.3d 539, 545 (7th Cir. 2008) (internal signals omitted) (citing *Rice v. Barnhart*, 384 F.3d 363, 371 (7th Cir. 2004)). Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build[] an accurate and logical bridge from the evidence to [their] conclusion." *Hess*, 92 F.4th at 676; *Lincoln v. Bisignano*, No. 24-cv-2668, 2026 WL 1097737, at *2 (7th Cir. 2026). Finally, while reviewing a Commissioner's decision, the court does not second-guess the ALJ's judgment – the Court may

not "substitute [its] own judgment for that of the Commissioner [,] reconsider facts, reweigh the evidence, resolve conflicts in the evidence, or decide questions of credibility." *Fitschen v. Kijakazi*, 86 F.4th 797, 802 (7th Cir. 2023). It "will reverse only if the record compels a contrary result." *Deborah M. v. Saul*, 994 F.3d 785, 788 (7th Cir. 2021).

**4. Discussion**

Plaintiff contends the ALJ erred by (1) wrongfully dismissing all evidence related to Plaintiff's GERD, and (2) finding that Dr. Sarswat's opinion is inconsistent with the Plaintiff's evidence of record. The Court disagrees.

**a. The ALJ Appropriately Assessed Plaintiff's GERD**

Plaintiff first argues that remand is required because the ALJ limited his step-two GERD discussion to 2018 records and did not separately address 2019 treatment notes that, in Plaintiff's view, show severe gastrointestinal symptoms. [Dkt. 17 at 5-6.] The Commissioner responds that Plaintiff had to prove disability by December 31, 2018, her date last insured ("DLI"), and that the ALJ reasonably found the pre-DLI evidence insufficient to show more than minimal gastrointestinal limitations. [Dkt. 20 at 2-4.] The Court agrees with the Commissioner and finds no error in the ALJ's analysis of the pre-DLI evidence.

To obtain Title II benefits, Plaintiff had to establish disability on or before her DLI - December 31, 2018. 20 C.F.R. § 404.131. The Seventh Circuit likewise treats the relevant question as whether the claimant was disabled as of the DLI, not whether later evidence showed current disability or post-DLI worsening. *Schloesser*, 870 F.3d at 717. Here, the ALJ expressly acknowledged Plaintiff's GERD diagnosis and explained that he found it non-severe because "[r]ecords from 2018 do not indicate this was associated with more than minimal functional limitations." [R. 18.] Nonetheless, consistent with 20 C.F.R. § 404.1545, the ALJ considered all

impairments, including those that were not severe, in formulating the RFC. [R. 19-20.] In discussing Plaintiff's symptoms, the ALJ specifically acknowledged Plaintiff's hearing testimony of gastrointestinal issues, including constipation and reflux, during the claimed period. [R. 20.]

Plaintiff's records also reinforce the ALJ's conclusion. Plaintiff identifies only one pre-DLI note that is even arguably relevant to Plaintiff's GERD impairment. During a December 7, 2018, urgent-care visit (a mere three-weeks before her DLI), Plaintiff presented with a rash and productive cough that began five days prior to her visit. She reported a cough (that caused vomiting), congestion, and sinus pain. [R. 678.] The provider diagnosed pneumonia, prescribed an inhaler, and advised follow-up if symptoms did not improve. [R. 679.] Plaintiff claims this appointment note forms a basis to contend that her GERD was disabling prior to her DLI.[3] However, Plaintiff was not diagnosed with any gastrointestinal impairment at this visit, nor has Plaintiff cited any other compelling pre-DLI evidence to compel a contrary finding. Although the ALJ did not specifically reference this December 7, 2018 treatment note (though the ALJ did more generally reference records from 2018), the Court finds this note simply does not compel a finding that GERD caused more than a minimal work-related limitation as of December 31, 2018. Accordingly, the Court cannot find the ALJ's assessment of Plaintiff's GERD erroneous, particularly considering this December 7, 2018, non-GERD-related event. When the ALJ's assessment of the evidence is reasonable (such as acknowledging Plaintiff's testimony concerning her gastrointestinal issues during the relevant period as the ALJ did here [R. 20]), the Court must defer to the ALJ's conclusions even if reasonable minds could disagree. *Chavez v. O'Malley*, 96

[3] Although it is a tenuous link between GERD and the December 7, 2018, visit, Plaintiff argues that her vomiting at this visit is the link, as GERD can cause one to have reflux and throw up. *See Symptoms & Causes of GER & GERD*, Nat'l Inst. Diabetes & Digestive & Kidney Diseases (July 2020), https://www.niddk.nih.gov/health-information/digestive-diseases/acid-reflux-ger-gerd-adults/symptoms-causes (describing symptoms and causes of gastroesophageal reflux disease).

F.4th 1016, 1021 (7th Cir. 2021); *Deborah M.*, 994 F.3d at 788 (stating the court will reverse only if evidence compels a contrary result).

While the administrative record does contain more substantial gastrointestinal evidence, such evidence post-dates Plaintiff's DLI. For example, Plaintiff's records evidence abdominal issues in February, May, August and September 2019. Additionally, the ALJ cited evidence inconsistent with greater functional limitations, even after the DLI. The decision notes that Plaintiff reported she biked and did twenty minutes of weightlifting at the gym three to four times per week in January 2019. [R. 21 (*referencing* R. 305).] The decision further notes that exertional symptoms began several months after the date last insured, around September 2019. [*Id*. (*referencing* R. 298, 308).] These findings support the ALJ's broader conclusion that the record did not establish disabling functional limitations prior to Plaintiff's DLI.

Though the ALJ's discussion of Plaintiff's gastrointestinal issues was brief, it was nonetheless adequate as the ALJ discussed sufficient evidence to allow the Court to meaningfully review the decision. *See, e.g.*, *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024); *Deborah M.*, 994 F.3d at 788. Further, the Court does not find that the ALJ ignored an entire line of evidence as the ALJ addressed Plaintiff's GERD directly, identified the relevant insured period, acknowledged Plaintiff's gastrointestinal testimony in the RFC discussion, and explained why the contemporaneous evidence did not show a severe impairment (GERD or otherwise). [R. 18-20.] The Court finds the ALJ built an accurate and logical bridge between the evidence and his conclusion and will not remand on this basis. *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

**b. The ALJ Adequately Addressed Dr. Sarswat's 2024 Opinion**

Plaintiff next argues the ALJ wrongly discounted a September 2024 retrospective opinion from her treating provider, Nitasha Sarswat, M.D., concerning amyloidosis-related symptoms and

limitations during the claimed period. [Dkt. 17 at 6-8.] The Commissioner responds that the ALJ adequately explained why the opinion was inconsistent with the contemporaneous record. [Dkt. 20 at 6-8.] The Court agrees that the ALJ's explanation is sufficient.

The Seventh Circuit applies a deferential minimal-articulation standard to an ALJ's assessment of the evidence; this standard equally applies to an ALJ's review of medical opinions. *Warnell*, 97 F.4th at 1053; *Elder*, 529 F.3d at 415. The ALJ found Dr. Sarswat's opinion supported by her explanation and treatment notes but found the opinion unpersuasive because (i) Dr. Sarswat did not begin treating Plaintiff until August 2020 (two years post-DLI) and did not render the opinion in question until September 2024 (nearly six years post-DLI) and (ii) the "extensive symptoms and signs described" in the opinion were not present in the record during the period at issue. [R. 22.] For example, the ALJ noted Dr. Sarswat described neuropathy limiting Plaintiff's ability to move and walk significant distances, but the pre-DLI records did not show neuropathy, abnormal sensation on examination, or abnormal gait. [R. 22 (*citing* Exhibit 1F).] The ALJ also noted Dr. Sarswat described significantly worsened depression and anxiety due to disease progression, while the contemporaneous records showed Plaintiff's cardiac impairment had not progressed to that degree and that her mental-status examinations were largely unremarkable. *Id.*

Read holistically, the ALJ's decision recognized cardiac amyloidosis as a severe impairment and explained why the later retrospective opinion from Dr. Sarswat overstated the degree of limitation during the relevant period. The Seventh Circuit does not require an ALJ to repeat findings redundantly so long as the reasoning can be followed. *Zellweger v. Saul*, 984 F.3d 1251, 1252 (7th Cir. 2021) (citing *Jeske v. Saul*, 955 F.3d 583, 590 (7th Cir. 2020). Here, the ALJ did not reject Dr. Sarswat's opinion out of hand; he acknowledged the aspects he found supportive and then identified the inconsistency he found dispositive in the contemporaneous record as

required by 20 C.F.R. § 404.1520c. [R. 15-23.] Plaintiff may disagree with how the ALJ weighed the evidence, but disagreement does not supply a basis for reversal under 42 U.S.C. § 405.

**5. Conclusion**

For the foregoing reasons, Plaintiff's motion for summary judgment [Dkt. 17] is DENIED; the Commissioner's cross-motion [Dkt. 20] for summary judgment is GRANTED. The final decision of the Commissioner is affirmed.

**ENTERED: September 1, 2026**

Hon. Keri L. Holleb Hotaling,
United States Magistrate Judge